**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

UNITED STATES OF AMERICA ex rel.          No. 1:18-cv-220

NANCY GIAQUINTO, C.P.A.,

     Plaintiff,                                        Hon. Thomas S. Kleeh

vs.

HIGHLAND-CLARKSBURG HOSPITAL,
INC., RC GENERAL CONTRACTORS INC.,
M & L ELECTRIC LLC, ASSOCIATED
ARCHITECTS, INC., MICHAEL
CASDORPH, PAUL TENNANT, and
CHARLES NARY,

     Defendants.

**MEMORANDUM IN SUPPORT OF DEFENDANT MICHAEL CASDORPH'S**
**MOTION TO DISMISS PURSUANT TO RULE 12(b)(5) AND RULE 41(b)**

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Relator Nancy Giaquinto

("Plaintiff" or "Ms. Giaquinto") had 90 days to serve Defendant Michael Casdorph ("Mr.

Casdorph") following this Court's order to unseal her *qui tam* Complaint ("original Complaint")

and serve the Defendants. However, Plaintiff failed to properly serve her original Complaint

within 90 days, warranting the dismissal of this action. Because Plaintiff's actions involve non-

compliance with both this Court's prior order and the Federal Rules of Civil Procedure, resulting

in a failure of prosecution, dismissal with prejudice is also appropriate pursuant to Rule 41(b).

**BACKGROUND**

On December 10, 2018, Plaintiff Nancy filed a sealed complaint against Michael

Casdorph, Highland-Clarksburg Hospital, Inc., R.C. General Contractors, Inc., M&L Electric,

LLC, Associated Architects, Inc., Paul Tennant, and Charles Nary, alleging violations of the

False Claims Act, 31 U.S.C. §§ 3729-3733. *See* Pl.'s Compl. The United States Department of

Justice then conducted an extensive investigation regarding the claims outlined in Plaintiff's *qui tam* Complaint and ultimately declined to intervene. On November 2, 2021, this Court ordered "the complaint to be unsealed and served upon the defendants by the Relator." *See* Nov. 2, 2021 Order (ECF No. 21) at ¶ 2. As outlined in Rule 4(m), Plaintiff had 90 days after the original Complaint was unsealed to serve it upon the Defendants. Thus, Plaintiff had until January 31, 2022 to properly serve the Defendants.

However, Plaintiff did not serve her original Complaint on the Defendants by January 31, 2022. Instead, Plaintiff spent 90 days adding approximately one hundred additional allegations to the original Complaint. *Compare* Complaint (ECF No. 1) *with* Amended Complaint (ECF No. 22). The original Complaint asserted claims based on a conflict of interest theory. *See, e.g.*, Complaint ¶¶ 99, 110 (asserting causes of action under 31 U.S.C. § 3729(a)(1) due to allegedly "prohibited conflicted transactions"). The Amended Complaint however, included new theories of liability under 31 U.S.C. §§ 3729(a)(1)(A), 3729(a)(1)(B), and 3729(a)(1)(C) and included new information not previously alleged in the original Complaint. *See e.g.* Amended Complaint ¶¶ 106-208 (asserting claims based on Defendants' alleged "theft" of government funds through double billing). The Amended Complaint was publicly filed on January 31, 2022, the deadline for Plaintiff to serve the original Complaint on the Defendants. That same day, the Clerk of Court issued a summons to Mr. Casdorph. *See* Summons, (ECF No. 25-1), also attached as **Exhibit A**.

On February 4, 2022, the Summons and Amended Complaint were sent via certified mail to "Michael Casdorph, 318 Lee Street West, Charleston, WV 25302" and the package was signed for by Kay Chapman. *See* Proof of Service, (ECF No. 25-1), also attached as **Exhibit B**. Ms. Chapman is not an agent or attorney-in-fact authorized to accept service on Mr. Casdorph's

2

behalf.  Plaintiff's proof of service reflects that she likewise did not select either the "Certified Mail Restricted Delivery" or "Signature Confirmation Restricted Delivery" options. Mr. Casdorph was never served directly, was not served via a registered agent and is unaware of any service attempt at his home, which is not located at 318 Lee Street West.

## LEGAL STANDARD

Rule 4 of the Federal Rules of Civil Procedure establishes the proper methods of service and the time limits for the same. *See* Fed. R. Civ. P. 4(h) and 4(m). A motion to dismiss for insufficient service of process is governed by Rule 12(b)(5). *See e.g., Wilson v. Kenny*, 1991 WL 157262, at *3 (4th Cir. 1991) (citing 5A Wright & Miller, Federal Practice & Procedure § 1353, at 276-278); *Ballard v. PNC Fin. Servs. Grp., Inc.*, 620 F. Supp. 2d 733, 735 (S.D.W. Va. 2009). The plaintiff bears the burden of establishing that service is proper. *Ballard*, 620 F. Supp. 2d at 735. Where a plaintiff fails to establish proper service, dismissal is appropriate. *See Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998).

Under Rule 41(b) of the Federal Rules of Civil Procedure, dismissal with prejudice is warranted where a plaintiff has failed to adequately prosecute her case. *See Hill v. Berryhill*, No. 1:18-cv-167, 2019 WL 3034671, at *4 (N.D.W. Va. July 11, 2019).

## ARGUMENT

**1. Plaintiff's attempt to serve Mr. Casdorph was improper and untimely per this Court's Order and Rule 4.**

The service affected on Mr. Casdorph was improper under the Federal Rules of Civil Procedure as: (1) the proof of service documents indicate that the Amended Complaint and Summons were not served until February 4, 2022, 94 days after the original Complaint was unsealed; and (2) Plaintiff did not comply with either Rule 4(e)(1) or 4(e)(2) when attempting to serve the Amended Complaint.

**A. Plaintiff did not attempt to serve Mr. Casdorph within the 90 days set forth in Rule 4(m).**

It is evident from the Proof of Service documents that service was untimely as to Mr. Casdorph. Rule 4(m) unambiguously dictates that a defendant must be served within 90 days after the complaint is filed or a court—on motion or on its own after notice to the plaintiff—*must* dismiss the action. *See* Fed. R. Civ. P. 4(m) (emphasis added). Once Plaintiff's Complaint was unsealed on November 2, 2021, she had 90 days to serve her Complaint on all named Defendants. *See* 31 U.S.C. § 3730(b)(3); *United States ex rel. Maharaj v. Estate of Zimmerman*, 427 F. Supp. 3d 625, 651 (D. Md. 2019) ("The 90-day clock starts when the court unseals the Complaint and orders service by the Relator." (cleaned up)). Plaintiff's 90-day window to serve the Complaint expired on January 31, 2022. Per the proof of service documents, Plaintiff did not attempt service on Mr. Casdorph until February 4, 2022, approximately 94 days after her complaint was unsealed. *See* Proof of Service, Ex. B. As a result, Rule 4(m) dictates dismissal of her action.

**B. The service of the Amended Complaint and Summons was improper under both Rule 4(e)(1) and 4(e)(2).**

Plaintiff's attempt to serve Mr. Casdorph was both untimely *and* improper. Rule 4(e) governs service on an individual within a judicial district of the United States. Pursuant to Rule 4(e)(1), an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). West Virginia state law outlines that service on an individual is proper by:

    A. Delivering a copy of the summons and complaint to the individual personally; or

B. Delivering a copy of the summons and complaint at the individual's dwelling place or usual place of abode to a member of the individual's family who is above the age of sixteen (16) year and by advising such person of the purport of the summons and complaint; or

C. Delivering a copy of the summons and complaint to an agent or attorney-in-fact authorized by appointment or statute to receive or accept service of the summons and complaint on the individual's behalf; or

D. The clerk sending a copy of the summons and complaint to the individual to be served by certified mail, return receipt requested, and delivery restricted to the addressee; or

E. The clerk sending a copy of the summons and complaint by first class mail, postage prepaid, to the person to be served, together with two copies of a notice, and acknowledgement conforming substantially to Form 14 and a return envelope, postage prepaid, addressed to the clerk.

*See* W. Va. R. Civ. P. 4(d)(1)(A)-(E).

As outlined above, Plaintiff attempted to serve Mr. Casdorph by sending a copy of the Summons and Amended Complaint via certified mail to 318 Lee Street West, Charleston, WV 25301. Mr. Casdorph was never served individually. No one at Mr. Casdorph's home accepted service of the Summons or Amended Complaint. Kay Chapman, the individual who signed the Proof of Service upon delivery, is not Mr. Casdorph's attorney-in-fact and is not an agent authorized to accept service on his behalf. Though the Summons and Amended Complaint were sent via certified mail, Rule 4(d)(1)(D) outlines that only *the clerk* may send a copy of the summons and complaint via certified mail. *See* W. Va. R. Civ. P. 4(d)(1)(D). West Virginia courts have been unambiguous, holding that "service by mail is permitted *only* by the Clerk of the court." *See e.g., Perez v. RSCR W. Va., Inc.*, Civil Action No. 2:14-CV-48, 2014 WL 12892704, at *3 (N.D.W. Va. Sep. 23, 2014) (emphasis added); *Brumfield v. Proctor*, Civil Action No. 2:12-CV-65, 2013 WL 1640132, at *5 (N.D.W. Va. Apr. 16, 2013) ("[S]ervice by mail to a corporation must be completed by the clerk."); *Dunham v. A&S Collection Assocs.*,

Civil Action No. 3:10-CV-52, 2011 WL 768682, at *3 (N.D.W. Va. Feb. 24, 2011) ("[A]s the summons was sent certified mail from plaintiff's counsel, as opposed to from the clerk of court, service was improper under the West Virginia Rules of Civil Procedure."). Likewise, the certified mail sent to Mr. Casdorph was not marked for restricted delivery. Plaintiff's attempt to serve Mr. Casdorph does not satisfy Rule 4(d)(1) of the West Virginia Rules of Civil Procedure. Because Plaintiff did not follow the state law process for serving an individual, she has not met the requirements of Rule 4(e)(1). *See* Fed. R. Civ. P. 4(e)(1).

Service may also be affected on an individual pursuant to Rule 4(e)(2) by any of the following methods: (A) delivering the summons and complaint to the individual directly; (b) leaving a copy at the individual's dwelling or place of abode with someone of suitable age and discretion who resides there; or (c) by delivering a copy to an agent authorized to accept service. *See* Fed. R. Civ. P. 4(e)(2)(A)-(C). As outlined above, Plaintiff did not deliver a copy of the Summons and Amended Complaint to Mr. Casdorph directly, never left a copy at his home or place of abode and did not deliver either to an agent authorized to accept service. Furthermore, Rule 4(e)(2) does not permit service via certified mail in any event. *See* Fed. R. Civ. P. 4(e)(2). Because Plaintiff did not comply with any provision of Rule 4(e) when attempting to serve Mr. Casdorph, service was improper and Plaintiff's Amended Complaint should be dismissed pursuant to Rule 12(b)(5).

**2. An extension of time for proper service is unwarranted here as Plaintiff cannot demonstrate that good cause exists to justify late service.**

As outlined above, Plaintiff had several methods by which she could have served Mr. Casdorph, but she failed to properly utilize any of them and even failed to serve the Complaint within the 90-day time frame ordered by this Court. Plaintiff did not seek leave to serve the complaint late and did not contact Mr. Casdorph to execute a stipulation to extend the time to

serve. She likewise did not utilize the provisions of Rule 4(d) which permit a Plaintiff to mail a request for waiver of service. Instead, Plaintiff sent a copy of the Summons and Amended Complaint via certified mail, delivery unrestricted, to Michael Casdorph at a place of business. Regardless of the standard used to evaluate any forthcoming request for additional time to serve, such an extension is unwarranted.

Rule 4(m) provides the consequences for untimely service:

(m) Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added). The Fourth Circuit has interpreted Rule 4(m) to require dismissal where service is not affected within the proscribed time limit and no good cause is shown. *See e.g., Martinez v. United States*, 578 F. App'x 192, 193-194 (4th Cir. 2014) ("A plaintiff may escape dismissal for failure to timely serve process *only* if she demonstrates 'good cause' for the delay.") (emphasis added); *Chen v. Mayor & City Council of Baltimore*, 546 F. App'x 187, 188 (4th Cir. 2013) (affirming dismissal of untimely served complaint because district court judge did not have discretion to extend time absent showing of good cause); *Scott v. Maryland State Dep't of Labor*, 673 F. App'x 299 (4th Cir. 2016) ("Rule 4(m) requires extension of the 120-day service period *only* when the plaintiff can show good cause for his failure to serve.") (emphasis added).

To determine whether good cause exists to justify late service, courts will analyze whether:

(1) the delay in service was outside the plaintiff's control, (2) the defendant was evasive, (3) the plaintiff acted diligently or made reasonable efforts, (4) the plaintiff is *pro se* or *in forma pauperis*, (5) the defendant will be prejudiced, or (6) the plaintiff asked for an extension of time under Rule 6(b)(1)(A).

*Id.* at 306; *see also Greenbrier Hotel Corp. v. ACE Am. Ins. Co.*, No. 2:19-cv-00118, 2019 WL 2353372, at *2 (S.D. W.Va. June 3, 2019) (applying these factors to dismiss action for failure to timely serve the complaint). None of these factors indicate that Plaintiff possesses good cause to justify an extension of time to serve the Amended Complaint here.

Plaintiff's delay in service was completely and exclusively within Plaintiff's control. After this Court unsealed Plaintiff's original Complaint, she spent the next 90-days adding over a hundred new allegations to amend her complaint. Plaintiff likewise did not seek a summons from this Court until just before the 90-day period expired. *See* Summons, Ex. A. Plaintiff knew that she had 90 days to serve her original Complaint and chose not to do so. Additionally, there is no evidence to suggest that Mr. Casdorph was evasive or attempted to dodge service. There is likewise no evidence that Plaintiff ever attempted to serve Mr. Casdorph by any proper means prior to placing the Summons and Amended Complaint in the U.S. Mail *after* the expiration of the 90-day service window. Plaintiff is currently represented by two law firms with the knowledge and resources to properly serve Mr. Casdorph. Most importantly, Plaintiff has never sought leave to affect late service beyond the January 31, 2022 deadline. Absent a particularized demonstration of good cause, Rule 4(m) requires dismissal. *See generally Greenbrier Hotel*, 2019 WL 2353372, at *2-3 ("The plaintiffs also have not even made an assertion that good cause exists. How can I then find good cause for their failure to timely serve the defendants?"). To date, Plaintiff has still not perfected service on Mr. Casdorph. Plaintiff cannot demonstrate that good cause exists to warrant additional time to serve the Amended Complaint.

Even if Plaintiff could demonstrate that good cause exists to warrant late service, her failure to serve the Amended Complaint within the 90-day time frame violated an order of this Court. On November 2, 2021, this Court ordered that the complaint "be served upon the

defendants by the realtor." *See* ECF No. 21 ¶ 2. Unlike most lawsuits, which are filed publicly and are subject to the normal operation of Rule 4, False Claims Act lawsuits are filed under seal, and the Fourth Circuit has held that the 90-day period in Rule 4(m) begins to run once the court orders service. *See Maharaj,* 427 F. Supp.3d. at 651 (applying Rule 4(m) to False Claims Act cases). As a result, Plaintiff's failure to serve is not just a procedural fault—it is a direct non-compliance with an order of this Court, which merits dismissal.

There is no basis whatsoever to justify Plaintiff's untimely and improper service upon Mr. Casdorph. Plaintiff had a myriad of ways to comply or extend her time for service, and she failed to utilize any of them. Instead, Plaintiff began the process of service after the expiration of the 90-day time frame and then attempted to serve the late Amended Complaint in violation of Rule 4(e). *See* Fed. R. Civ. P. 4(e).  Given Plaintiff's untimely and wholly improper service, the lack of good cause for an extension of time to effectuate service, and her violation of this Court's November 2, 2021 Order, dismissal is warranted.

### 3. Alternatively. Plaintiff's Amended Complaint should be dismissed for failure to prosecute pursuant to Rule 41(b).

Under Rule 41(b) of the Federal Rules of Civil Procedure, dismissal with prejudice is warranted where a plaintiff has failed to adequately prosecute her case. *See Hill v. Berryhill*, No. 1:18-cv-167, 2019 WL 3034671, at *4 (N.D.W. Va. July 11, 2019) (citing Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-32 (1962)). Rule 41(b) expressly provides that a defendant may move for dismissal "[i]f the plaintiff fails to prosecute *or to comply with these rules or a court order*." Fed. R. Civ. P. 41(b) (emphasis added). Where a plaintiff fails to comply with the rules of procedure or a court order, dismissal with prejudice is appropriate. *Hill*,

2019 WL 3034671, at *4. Here, Plaintiff has failed to comply with *both* the rules of procedure and this Court's order regarding service.

In evaluating a Rule 41(b) motion, courts consider four factors: "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of a drawn out history of deliberately proceeding in a dilatory fashion, and (4) the existence of a sanction less drastic than dismissal." *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982).

As outlined above, Plaintiff alone was responsible for the late service of her Complaint. Furthermore, the last-minute amendments made to Plaintiff's original Complaint more than three years after filing frustrates the purpose of the False Claims Act's *qui tam* provisions, which require a relator to provide "substantially all material evidence and information the person possesses" at the outset of the matter. 31 U.S.C. § 3730(b)(2). If Plaintiff intentionally withheld material evidence from her initial submissions, her Amended Complaint should be dismissed.[2] Alternatively, if Plaintiff lacked personal knowledge related to her new claims at the time the original *qui tam* was filed and added the information only after it was gathered by the government during its investigation, such amendment undermines the operation of the False Claims Act. *See* Boese & Baruch, § 4.03 *Mandatory Procedures for Initiating Qui Tam Cases,* CIVIL FALSE CLAIMS AND QUI TAM ACTIONS (2021) (noting that "[a]dded claims based

---

[2] A majority of courts have held that the FCA's sealing requirement applies to amended complaints "when the pleading raises substantially new allegations." *See United States ex rel. Halegoua v. Freed, Kleinberg, Nussbaum, Fiesta & Kronberg M.D.*, No. 14-CV-3943(JS)(SIL), 2016 U.S. Dist. LEXIS 103498, at *6-7 (E.D.N.Y. Aug. 5, 2016) (collecting relevant authorities); *see also U.S. ex rel. Davis v. Prince*, 766 F. Supp. 2d 679, 684 (E.D. Va. 2011). Dismissal is a possible, but not mandatory, remedy for a violation of the sealing requirements in § 3730(b)(2). *See State Farm Fire & Cas. Co. v. United States ex rel. Rigsby*, 137 S. Ct. 436, 444 (2016) ("In general, the question whether dismissal is appropriate should be left to the sound discretion of the district court.").

on information uncovered by the *government* in its investigation of *qui tam* allegations are less justifiable because such a practice invites the filing of initial *qui tam* complaints that are deficient or 'fishing expeditions' to trigger obligatory government investigations"). Plaintiff's Amended Complaint not only features over one hundred new factual allegations but likewise includes twenty-two new exhibits not included with the original Complaint. Plaintiff's eleventh-hour amendments clearly demonstrate her flagrant failure to comply with the False Claims Act, the Federal Rules of Procedure and this Court's order.

Second, Plaintiff's defective service has prejudiced Mr. Casdorph by adding to the extensive delays already promulgated by the False Claims Act's procedures. The original Complaint was filed more than three years ago, under seal. Mr. Casdorph did not receive precise notice of the allegations against him and did not know the identity of the Relator (Plaintiff) until the original Complaint was unsealed by this Court and "served" on him improperly via mail on February 4, 2022. Courts have routinely found prejudice from delays created when a Relator amends a complaint when the initial complaint, which was properly served and subject to motion practice, contained claims that were "insufficiently specific" such that the defendants were "in the dark as to the exact contours of the charges against them and . . . would have had a much harder time preparing their defense." *See United States ex rel. Drake v. Norden Sys.*, 375 F.3d 248, 257 (2d Cir. 2004). Here, the prejudice is more severe—Plaintiff did not serve her initial Complaint on the Defendants and instead amended it to add over one hundred new allegations and twenty-two new exhibits. Moreover, the allegations contained in the Amended Complaint involve payment requests from 2013 and 2014 (Am. Complaint ¶ 66) and the difficulty of locating third-party records and witnesses who remember events from eight years ago increases with each passing day. *See Adams v. Trs. of the N.J. Brewery Employees' Pension Tr. Fund*, 29

F.3d 863, 874 (3d Cir. 1994) (prejudice includes the "irretrievable loss of evidence [and] the inevitable dimming of witnesses' memories" associated with delay).

Third, Plaintiff's amendments to the original Complaint indicate that she is "deliberately proceeding in a dilatory fashion." *Chandler*, 669 F.2d at 920. As outlined above, Plaintiff either intentionally withheld material information from her original Complaint or relied entirely on the government's investigation to fashion her Amended Complaint and the allegations therein. Either scenario is problematic and would contravene the operation of the False Claims Act. Lastly, given Plaintiff's blatant disregard for this Court's order, the provisions of the False Claims Act, and the Federal Rules of Civil Procedure, dismissal with prejudice is appropriate pursuant to Rule 41(b), even if less severe sanctions are available.

## CONCLUSION

Because service was untimely and ineffective and Plaintiff has failed to adequately prosecute her case, Defendant Michael Casdorph respectfully requests that this Court enter an order dismissing Plaintiff's Amended Complaint with prejudice under Rule 41(b). Alternatively, Defendant Casdorph respectfully asks this Court to enter an order dismissing Plaintiff's Amended Complaint without prejudice pursuant to Rule 12(b)(5).

<div style="margin-left:50%">

Respectfully submitted,
MICHAEL CASDORPH,
By Counsel.

*/s/ Emily L. Ford*
Michael B. Hissam (WVSB #11526)
Isaac R. Forman (WVSB #11668)
Emily L. Ford (WVSB #13885)
HISSAM FORMAN DONOVAN RITCHIE PLLC
P.O. Box 3983
Charleston, WV 25339
681-265-3802 *office*
304-982-8056 *fax*
mhissam@hfdrlaw.com

</div>

iforman@hfdrlaw.com
eford@hfdrlaw.com

## **CERTIFICATE OF SERVICE**

The undersigned counsel does hereby certify that on February 25, 2022, a true copy of the

foregoing document was served upon all parties of record electronically via ECF Notice.

/s/ *Emily L. Ford*_____