**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG**

**UNITED STATES OF AMERICA ex rel.
NANCY GIAQUINTO, C.P.A.,**

    **Plaintiff,**

                                    **CIVIL ACTION NO.: 1-18-cv-220
                                    JUDGE KLEEH**

**v.**

**HIGHLAND-CLARKSBURG HOSPITAL,
INC., RC GENERAL CONTRACTORS INC.,
M. & L ELECTRIC LLC,
ASSOCIATED ARCHITECTS, INC.,
MICHAEL CASDORPH, PAUL TENNANT,
AND CHARLES NARY,**

    **Defendants.**

**DEFENDANT HIGHLAND-CLARKSBURG HOSPITAL, INC.'S MOTION TO DISMISS
PURSUANT TO RULES 12(B)(5) AND 41(B)**

Defendant Highland-Clarksburg Hospital, Inc. ("HCHI") hereby moves this Court, pursuant to Federal Rules of Civil Procedure 12(b)(5) and 41(b), for an order dismissing the amended complaint under the federal False Claims Act for untimely and insufficient service of process and/or for failure to prosecute.[1] Specifically, Plaintiff failed to effectuate service of process on HCHI in compliance with Federal Rule of Civil Procedure 4(h)(1), and her non-compliant attempt at service violated Federal Rule of Civil Procedure 4(m) because it occurred more than

---

[1] HCHI believes the amended complaint is also subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for relief and reserves the right to file a Rule 12(b)(6) motion if the Court deems service to be proper or orders proper service with Relator is able to properly effectuate. Given the multiple non-compliances with Rule 4 and the False Claims Act's admonition that a defendant "shall not be required to respond" until after "the complaint is unsealed and served upon the defendant pursuant to Rule 4," 31 U.S.C. § 3730(b)(3), HCHI respectfully submits that the most efficient approach is to raise and resolve the Rule 12(b)(5) issues first, and if the case proceeds, to raise and address the Rule 12(b)(6) arguments.

ninety (90) days after the Court's order directing service. Plaintiff's failure to comply with the Court's order to serve, to follow the proper procedures regarding service, and to seek leave to extend time has unnecessarily delayed the proceedings, and the amended complaint is also subject to dismissal with prejudice under Federal Rule of Civil Procedure 41(b). For these reasons, and as set forth more fully in the Memorandum In Support of Defendant Highland-Clarksburg Hospital, Inc.'s Motion to Dismiss, HCHI respectfully requests that this Court dismiss Plaintiff's complaint as against HCHI.

WHEREFORE, defendant Highland-Clarksburg Hospital, Inc. respectfully requests that this Court enter an order dismissing the complaint against it, and for all other relief this Court deems just and proper.

Respectfully submitted,

*/s/Esha S. Simon*
Esha S. Simon (WVSB # 13461)
Dinsmore & Shohl LLP
215 Don Knotts Boulevard, Suite 310
Morgantown, West Virginia 26501
Tel:   (304) 296-1100; Fax:  (304) 296-6116
Email: Esha.simon@dinsmore.com

Patrick Hagan *(pro hac vice* pending)
Dinsmore & Shohl LLP
255 East 5th Street, Suite 1900
Cincinnati, Ohio 45202
Tel:   (513) 977-8200; Fax:  (513) 977-8141
Email: Patrick.hagan@dinsmore.com

Krysta Gumbiner (*pro hac vice* pending)
Dinsmore & Shohl LLP
222 W. Adams Street, Suite 3400
Chicago, Illinois 60606
Tel:   (312) 372-6060; Fax:  (312) 372-6085
Email: Krysta.gumbiner@dinsmore.com

*Attorneys for Defendant Highland-Clarksburg Hospital, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG**

**UNITED STATES OF AMERICA ex rel.
NANCY GIAQUINTO, C.P.A.,**

      **Plaintiff,**

                                  **CIVIL ACTION NO.: 1-18-cv-220
                                  JUDGE KLEEH**

**v.**

**HIGHLAND-CLARKSBURG HOSPITAL,
INC., RC GENERAL CONTRACTORS INC.,
M. & L ELECTRIC LLC,
ASSOCIATED ARCHITECTS, INC.,
MICHAEL CASDORPH, PAUL TENNANT,
AND CHARLES NARY,**

      **Defendants.**

## CERTIFICATE OF SERVICE

I, Esha S. Simon, hereby certify that on the 25th day of February, 2022, I electronically filed the foregoing ***Defendant Highland-Clarksburg Hospital, Inc.'s Motion to Dismiss Pursuant To Rules 12(b)(5) and 41(b)*** with the Clerk of the Court using the CM/ECF system.

                                                */s/Esha S. Simon*
                                                Esha S. Simon (WVSB # 13461)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## AT CLARKSBURG

**UNITED STATES OF AMERICA ex rel.**
**NANCY GIAQUINTO, C.P.A.,**

      **Plaintiff,**                       **CIVIL ACTION NO.: 1-18-cv-220**
                                                   **JUDGE KLEEH**

**v.**

**HIGHLAND-CLARKSBURG HOSPITAL,**
**INC., RC GENERAL CONTRACTORS INC.,**
**M. & L ELECTRIC LLC,**
**ASSOCIATED ARCHITECTS, INC.,**
**MICHAEL CASDORPH, PAUL TENNANT,**
**AND CHARLES NARY,**

      **Defendants.**

## MEMORANDUM IN SUPPORT OF HIGHLAND-CLARKSBURG HOSPITAL, INC.'S MOTION TO DISMISS PURSUANT TO RULES 12(B)(5) AND 41(B)

Relator Nancy Giaquinto had 90 days to serve defendant Highland-Clarksburg Hospital, Inc. ("HCHI") after the Court unsealed her *qui tam* complaint and ordered service thereof. She failed to utilize this time perfecting service. Instead, ***after*** the expiration of that period, she made one attempt at service that failed to comply with any of the federal or West Virginia rules governing service of a summons and complaint. Her counsel's use of the U.S. Mail, directed to the hospital generally and not any officer, trustee, director, managing or general agent, or any other agent authorized to receive service, was improper. Her failure to timely and properly serve Highland-Clarksburg Hospital Inc. mandates dismissal of it from this action under Rule 12(b)(5). Additionally, because Relator's actions involve non-compliance with both the Court's prior order and the Federal Rules resulting in a failure of prosecution, dismissal with prejudice is also appropriate pursuant to Rule 41(b).

## BACKGROUND

On December 10, 2018, Nancy Giaquinto (the "Relator") filed a sealed complaint against HCHI, among other defendants, alleging violations of the False Claims Act, 31 U.S.C. § 3729-3733. (Complaint, RE 1.) The United States declined to intervene in the action and, on November 2, 2021, this Court ordered "the complaint to be unsealed and served upon the defendants by the Relator." (11/2/21 Order, RE 21, ¶ 2.[1]) Because Federal Rule of Civil Procedure 4(m) requires service within ninety days, service was due on or before February 1, 2022.

Instead of serving her original complaint, Relator spent nearly three months adding one hundred additional allegations to her complaint. (*Compare* Complaint, RE 1, *with* Amended Complaint, RE 22.) The original complaint asserted claims based on a conflict of interest theory. (*See, e.g.*, Complaint, RE 1, ¶¶ 99, 110 (asserting causes of action under 31 U.S.C. § 3729(a)(1) due to allegedly "prohibited conflicted transactions").) The amended complaint included an entirely new section with new theories of liability not included in the original complaint. (*See* Amended Complaint, RE 22, ¶¶ 106-208 (asserting claims based on Defendants' alleged "theft" of government funds through double billing.) Relator publicly filed the amended complaint on January 31, 2022. (Amended Complaint, RE 22.) That same day, the clerk of court issued a summons to HCHI. (*See* 2/7/22 Proof of Service, RE 24-1.)

On February 4, 2022, the summons and amended complaint were delivered to the "Front Desk/Reception/Mail Room" at HCHI and signed for by Tammy Allman. (*See* Proof of Service, RE 24-1; Ex. 1, T. Allman Declaration ¶ 3.) Ms. Allman is HCHI's receptionist. (*See* Ex. 1, T. Allman Declaration ¶ 1.) She is not the registered agent for HCHI. (*Id.* ¶ 4.) Nor is she a director, officer, trustee, or managing or general agent of HCHI or, in any other capacity, authorized to

---

[1] The Court dated the Order November 2, 2021, but it was entered on ECF on November 3, 2021. For purposes of this motion, that difference is immaterial.

accept service upon HCHI. (*See id.* ¶¶ 4-5.) Relator's proof of service reflects that she neither identified any such person in the address field nor checked the "Certified Mail Restricted Delivery" box:



(Proof of Service, RE 24-1.) The U.S. Postal Service's publicly available tracking data reveals that the mailing originated from Wheeling, WV, the location of the office of Ms. Toriseva, one of Relator's attorneys, and the envelope used to transmit the mailing includes a return address for Ms. Toriseva's office. (*See* Ex. 2, P. Hagan Declaration, ¶¶ 3-4 and Exs. A and B thereto.) To date, HCHI is not aware of any other attempt by Relator to serve HCHI.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 4 sets forth the methods of acceptable service and timing thereof. Fed. R. Civ. P. 4(h) and 4(m). A motion to dismiss for insufficient service of process is governed by Federal Rule of Civil Procedure 12(b)(5).[2] *Wilson v. Kenny*, 1991 U.S. App. LEXIS

---

[2] This motion is directed only at HCHI's arguments under Rule 12(b)(5). HCHI expressly reserves its right to file a motion under Rule 12(b)(6) in the event that the Court denies this motion or the Relator is able to

19079, at *8 (4th Cir. 1991) (citing 5A Wright & Miller, Federal Practice & Procedure § 1353, at 276-278); *Ballard v. PNC Fin. Servs. Grp., Inc.*, 620 F. Supp. 2d 733, 735 (S.D.W. Va. 2009). The plaintiff bears the burden of establishing that service is proper. *Ballard*, 620 F. Supp. 2d at 735. Failure to do so "deprives the court of personal jurisdiction over the defendant." *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998).

## ARGUMENT

### A. Relator's Attempt At Service On HCHI Was Defective And Untimely.

Relator's purported service of HCHI is defective for three reasons. First, as Relator's own proof of service demonstrates, HCHI did not receive the summons and complaint until more than 90 days after the Court ordered service. Second, Relator failed to direct her mailing to an individual holding a requisite position of authority at HCHI. Third, Relator's counsel mailed the summons herself as opposed to requesting service by a clerk of courts as required under West Virginia's rules.

#### 1. Service was untimely.

There is no question that service on HCHI was untimely. Rule 4(m) dictates a 90-day deadline for service. Fed. R. Civ. P. 4(m). In FCA actions, the clock starts running once the complaint is unsealed and the court orders service. *See* 31 U.S.C. § 3730(b)(3); *United States ex rel. Maharaj v. Estate of Zimmerman*, 427 F.Supp. 3d 625, 651 (D. Md. 2019); *United States ex rel. Weiner v. Siemens AG*, No. 1:12-CV-01466-ALC, 2021 U.S. Dist. LEXIS 150018, at *7 (S.D.N.Y. Aug. 10, 2021). Because the order unsealing the action was entered on November 3,

---

properly and timely serve HCHI. *See, e.g., Sucampo Pharm., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 548 (4th Cir. 2006) ("[D]ismissal of a case on an issue relating to the merits of the dispute, such as a failure to state a claim, is improper without resolving threshold issues of jurisdiction, including personal jurisdiction.").

2021, the 90-day clock expired on February 1, 2022. HCHI did not receive Relator's defective attempt at service until February 4, 2022 – past the 90-day deadline.

### 2. Relator failed to identify an individual authorized to receive service.

Not only was service untimely under Rule 4(m) because it occurred outside the mandated 90-day period, but Relator also failed to direct service to an individual authorized under the law to receive it. Federal Rule of Civil Procedure 4(h) governs service on a corporation and permits service consistent with the methods used to serve an individual, as provided in Rule 4(e)(1), or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(A) & (B). Because Relator did not "deliver" a copy to anyone, much less an officer or agent of HCHI, Rule 4(e) controls the analysis. In relevant part, Federal Rule 4(e)(1) permits service pursuant to the rules of "the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). West Virginia Rule of Civil Procedure 4(d)(5) provides that service on domestic private corporation, like HCHI, is effectuated by "delivering or mailing" the summons or complaint in accordance with the requirements in Rule 4(d)(1) to (a) an "an officer, director, or trustee thereof; or, if no such officer, director, or trustee be found, by delivering a copy thereof to any agent of the corporation" or (b) any agent or attorney in fact authorized by appointment or by statute to receive or accept service in its behalf. W.Va. R. Civ. P. 4(d)(5).

Relator failed to effectuate service on an officer, director, trustee of HCHI or any managing agent, general agent or other agent to receive service of process on behalf of HCHI. (*See* Ex. 1, T. Allman Declaration ¶¶ 3-5.) The mail was addressed generically to "Highland-Clarksburg Hosp. Inc." and not to an individual officer, director, trustee or agent of HCHI. (*See* Proof of Service, RE 24-1.) The employee who signed for the mail, Tammy Allman, is not an officer of HCHI, a

managing or general agent of HCHI, or authorized to receive service for HCHI. (*See* T. Allman Declaration ¶¶ 3-5.) Accordingly, Relator's service was ineffective for failing to be addressed to one of the individuals named in either the Federal or West Virginia Rules of Civil Procedure. *Brumfield v. Proctor*, Civil Action No. 2:12-CV-65, 2013 U.S. Dist. LEXIS 53941, at *12 (N.D.W. Va. Apr. 16, 2013) ("[S]ervice on the corporation by mail must be to an officer, director, trustee, authorized agent, or authorized attorney of the corporation."); *Jones v. Sears Roebuck & Co.*, 2007 U.S. Dist. LEXIS 98634 (Mar. 8, 2007), at *8 (service upon attorney who was not "officer, director, trustee, agent, or agent authorized to accept service" for defendant corporation was improper); *see also State ex rel. Farber v. Mazzone*, 584 S.E.2d 517, 522 (W.Va. 2003) (service on receptionist insufficient). In other words, Relator completely failed to serve any one of the several individuals enumerated in the Federal and West Virginia Rules of Civil Procedure.

### 3. Relator failed to comply with W. Va.'s rules regarding service by mail.

Service was also defective because the summons was mailed by Relator's counsel and not by a clerk of court. West Virginia Rule 4(d)(1)(D) provides for service by mail. It provides that service may be made by "**[t]he clerk** sending a copy of the summons and complaint to the individual to be served by certified mail, return receipt requested, and delivery restricted to the addressee." W.Va. R. Civ. P. 4(d)(1)(D) (emphasis added). West Virginia courts have been very clear that "service by mail is permitted only by the Clerk of the court." *Perez v. RSCR W. Va., Inc.*, Civil Action No. 2:14-CV-48, 2014 U.S. Dist. LEXIS 201991, at *9 (N.D.W. Va. Sep. 23, 2014); *Brumfield*, Civil Action No. 2:12-CV-65, 2013 U.S. Dist. LEXIS 53941, at *12 (N.D.W. Va. Apr. 16, 2013) ("[S]ervice by mail to a corporation must be completed by the clerk."); *Dunham v. A&S Collection Assocs.*, Civil Action No. 3:10-CV-52, 2011 U.S. Dist. LEXIS 26140, at *6-7 (N.D.W. Va. Feb. 24, 2011) ("[A]s the summons was sent certified mail from plaintiff's counsel, as opposed

to from the clerk of court, service was improper under the West Virginia Rules of Civil Procedure.") (emphasis in original). But here, it was not the clerk who utilized the U.S. Mail – it was Relator's attorney. (*See* Ex. 2, P. Hagan Declaration, ¶¶ 3-4.) In such case, service is also improper.

### B. An Extension Of Time Is Unwarranted.

Relator had multiple vehicles by which she could have properly served HCHI, but she utilized none of them. She did not serve the initial complaint after the Court ordered her to do so. She did not request additional time to serve. She did not contact HCHI to seek a stipulation extending the time to serve to enable the drafting of her amended complaint. She did not utilize the provisions of Rule 4(d), which exists for the convenience of *all* parties and permits a plaintiff to mail a request for waiver of service. Instead, perhaps concerned by the impending service deadline, she attempted to serve the complaint in a manner that was most convenient for her and was least protective of HCHI's right to receive notice—her counsel simply dropped a copy directly in the mail and did not specify an individual recipient or restrict delivery. Regardless of the standard used to evaluate any forthcoming request for additional time to serve, such an extension is unwarranted.

#### 1. Relator Cannot Show Good Cause.

Rule 4(m) provides the consequences for untimely service:

> (m) Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—**must** dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added). In *Mendez v. Elliot*, the Fourth Circuit interpreted this rule to *require* dismissal if service is not effected within the proscribed time limit in the absence of a

showing of good cause. 45 F.3d 75, 78 (4th Cir. 1995). Some district courts have questioned whether *Mendez* remains good law in the face of Supreme Court *dicta* and subsequent amendments to the federal rules. *See, e.g.*, *Bruce v. City of Wheeling*, No. 5:07-CV-76, 2008 U.S. Dist. LEXIS 87790 (N.D.W. Va. Oct. 29, 2008). However, the most recent unpublished opinions of the Fourth Circuit have endorsed *Mendez*'s reading of Rule 4(m) and dismissed an untimely served complaint. *See Martinez v. United States*, 578 F. App'x 192, 193-194 (4th Cir. 2014) ("A plaintiff may escape dismissal for failure to timely serve process **only** if she demonstrates 'good cause' for the delay.") (emphasis added); *Chen v. Mayor & City Council of Baltimore*, 546 F. App'x 187, 188 (4th Cir. 2013) (affirming dismissal of untimely served complaint because district court judge did not have discretion to extend time absent showing of good cause); *Scott v. Maryland State Dep't of Labor*, 673 F. App'x 299 (4th Cir. 2016) ("Rule 4(m) requires extension of the 120-day service period **only** when the plaintiff can show good cause for his failure to serve.") (emphasis added). And, the Fourth Circuit has implicitly recognized the holding of *Mendez* in its recent published opinions. For example, in *Attkisson v. Holder*, the Fourth Circuit stated that "pursuant to Rule 4(m). . . the dismissal of the John Doe agents must be without prejudice." 925 F.3d 606, 628 (4th Cir. 2019). The Fourth Circuit has often put Rule 4(m) in mandatory terms. *See United States v. Perez*, 752 F.3d 398, 404 (4th Cir. 2014) ("If the summons is not served on the defendant within 120 days after the complaint is filed, dismissal is required unless the district court extends the time for good cause shown."); *Wilkins v. Montgomery*, 751 F.3d 214, 224 n.6 (4th Cir. 2014) ("Rule 4(m) requires that a defendant be served within 120 days after the complaint is filed, absent good cause."); *Andrew v. Clark*, 561 F.3d 261, 272 (4th Cir. 2009) ("A plaintiff must serve a defendant within 120 days of filing the complaint.").

Within the Fourth Circuit, good cause is established by analyzing whether:

> 1) the delay in service was outside the plaintiff's control, 2) the defendant was evasive, 3) the plaintiff acted diligently or made reasonable efforts, 4) the plaintiff is *pro se* or *in forma pauperis*, 5) the defendant will be prejudiced, or 6) the plaintiff asked for an extension of time under Rule 6(b)(1)(A).

*Scott*, 673 F. App'x at 306; *see also Greenbrier Hotel Corp. v. ACE Am. Ins. Co.*, No. 2:19-cv-00118, 2019 U.S. Dist. LEXIS 92356 (S.D. W.Va. June 3, 2019) (applying these factors to dismiss action for failure to timely serve the complaint). Here, none of these factors weigh in favor of granting Relator additional time to (properly) serve HCHI. First, there is no indication that the delay was outside of Relator's control. Indeed, she appears to have spent the entire 90-day period adding to and amending her complaint. (*Compare* Complaint, RE 1, *with* Amended Complaint, RE 22.) She did not even seek a Summons until just before the 90-day time period expired. (*See* Summons, RE 24-1.)

Second, HCHI did not attempt to evade service. Third, there is no evidence that Relator attempted to serve HCHI at any other time or by any other method prior to placing the summons and amended complaint in the U.S. Mail after the 90 days had expired. Fourth, Relator is represented by at least two law firms, which should have been able to timely and correctly serve HCHI. Fifth, Relator has still not requested that the Court extend time for service or otherwise excuse her delay under Federal Rule of Civil Procedure 6(b)(1). Absent a particularized demonstration of good cause, Rule 4(m) requires dismissal. *See generally Greenbrier Hotel*, 2019 U.S. Dist. LEXIS 92356, at * 7 ("The plaintiffs also have not even made an assertion that good cause exists. How can I then find good cause for their failure to timely serve the defendants?"). In fact, as explained below, Relator still has not perfected service on HCHI.

**2. An Extension is Unwarranted Even Absent Good Cause.**

In prior decisions, this Court has held that it has discretion to extend the time to serve under Rule 4(m) absent a showing of good cause (contrary to *Mendez*), but it has dismissed cases for

non-compliance with Rule 4(m) when the failure to serve occurred after a court order directing service. *Compare Lamb v. Comm'r of Soc. Sec.*, No. 18cv120, 2020 U.S. Dist. LEXIS 84975, at *8 (N.D. W.Va. May 14, 2020) (Kleeh, J.) (holding that Rule 4(m) provides discretion to extend service absent good cause) *with Field v. Morris,* No. 2:19-CV-36, 2021 U.S. Dist. LEXIS 15892, at *6 (N.D. W.Va. Jan. 28, 2021) (Kleeh, J.) (holding that the failure to serve the complaint after a court order to do so warranted dismissal) and *Arrick v. Fed. Bureau of Prisons*, Civil Action No. 1:17cv131, 2019 U.S. Dist. LEXIS 229549, at *68-69 (N.D. W.Va. Dec. 10, 2019) (recommending dismissal based on failure to serve after a court order to do so), report and recommendation adopted by *Arrick v. Fed. Bureau of Prisons*, No. 1:17-CV-131, 2020 U.S. Dist. LEXIS 52474, at *4 (N.D. W.Va. Mar. 26, 2020) (Kleeh, J.). Even if the Court declines to follow the *Mendez* approach of requiring a showing of good cause, dismissal remains appropriate because Relator is in violation of a court order, and there is no reasoned basis to grant an extension.

First, this Court's prior decisions reflect an understandable distinction between a failure to serve when required by operation of Rule 4, which warrants additional time, and a failure to serve after the Court orders service, which warrants dismissal. In *Lamb*, the plaintiff sued the United States and sent a request for waiver of service the day after filing. 2020 U.S. Dist. LEXIS 84975, at *1. The plaintiff failed to appreciate that Rule 4(d) is inapplicable in a suit against the United States, and after the 90-period in Rule 4(m) expired, the United States moved to dismiss. *Id.* at *2. This Court held additional time was warranted, in part, because the plaintiff effected proper service immediately after the motion to dismiss was filed. *Id.* at *9.

By contrast, *Field* and *Arrick* involved violations of Rule 4(m) that occurred **after** the Court had issued an order requiring service, and the Court found that those circumstances merited dismissal. In *Field*, the plaintiff attempted to sue Philip Morris ("PM") twice, once by filing an

amended complaint adding PM as a defendant in a pre-existing lawsuit and once by filing a separate lawsuit. 2021 U.S. Dist. LEXIS 15892, *2. The Court dismissed the second lawsuit and ordered the plaintiff to serve the amended complaint within 90 days. *Id.* When he failed to do so, the Court found dismissal was warranted given non-compliance with the Court's order directing service. *Id.* at *6. Similarly, in *Arrick*, the Court affirmed dismissal under Rule 4(m) when the plaintiff failed to comply with a court order to identify and serve the John/Jane Doe defendants named in the complaint. 2019 U.S. Dist. LEXIS 229549, at *68-69.

Here, the Court's order requiring service was clear and unmistakable—the Court ordered that the complaint be "served upon the defendants by the relator." (11/2/21 Order, RE 21, ¶ 2.) Unlike most lawsuits, which are filed publicly and are subject to the normal operation of Rule 4, False Claims Act lawsuits are filed under seal, and most courts hold that 90-day period in Rule 4(m) begins to run only after the court orders service. *See, e.g.*, *United States ex rel. Weiner v. Siemens AG*, No. 1:12-CV-01466-ALC, 2021 U.S. Dist. LEXIS 150018, at *7 (S.D.N.Y. Aug. 10, 2021) (explaining "the plain text of the FCA states that plaintiff-relators ought to wait 'until the court so orders' to serve defendants" and holding that the 90-day period begins to run only after the court orders service). As a result, Relator's failure to serve is not just a procedural non-compliance with the federal rules—it is a direct non-compliance with an order of the Court, which merits dismissal.

Second, even interpreting Rule 4(m) to provide discretionary authority to extend time, "[i]t is well established that the court would still need to have some reasoned basis to exercise its discretion and excuse the untimely service: the court must give some import to the rule." *United States ex rel. Moore v. Cardinal Fin. Co., L.P.*, No. 12-1824, 2017 U.S. Dist. LEXIS 46983, at *23-24 (D. Md. Mar. 28, 2017) (internal quotations omitted). Here, there is no basis at all to excuse

Relator's untimely (and improper) service. Relator had myriad ways to comply or extend her time to do so, and she failed to utilize any of them. Instead, she began the process of service when it was already too late and then compounded that failure with additional non-compliances calculated to deprive HCHI of its right to receive notice of a lawsuit through individuals with sufficient authority to act on behalf of the corporation.

Given the Relator's untimely and wholly improper service, the lack of good cause for an extension of time to effectuate service, and her violation of this Court's November 2, 2021 order, dismissal without prejudice is warranted.

### C. Alternatively, Relator's Complaint Should Be Dismissed For Failure To Prosecute.

Because Relator's defective service includes multiple violations of the Federal Rules and this Court's prior order, dismissal **with prejudice** is also an appropriate remedy. "[U]nder Rule 41(b) . . . and the inherent power of the Court, a case may be dismissed with prejudice for want of prosecution." *Hill v. Berryhill*, No. 1:18-cv-167, 2019 U.S. Dist. LEXIS 116392, at *8 (N.D.W. Va. July 11, 2019) (citing Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-32 (1962)). Rule 41(b) expressly provides that a defendant may move for dismissal "[i]f the plaintiff fails to prosecute *or to comply with these rules or a court order*." Fed. R. Civ. P. 41(b) (emphasis added). "'The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.'" *Hill*, 2019 U.S. Dist. LEXIS 116392, at *8 (quoting *Link*, 370 U.S. at 629). In evaluating a Rule 41(b) motion, courts consider four factors: "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of a drawn out history of deliberately proceeding in a dilatory fashion, and (4) the existence of a

sanction less drastic than dismissal." *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (per curiam).

Under the first factor—plaintiff's personal responsibility—it is unclear the extent to which Relator was involved in the timing and technical aspects of service. Nevertheless, the amendments to the complaint raise serious questions about her responsibility. Adding new theories more than three years after filing the initial complaint frustrates the purpose of the FCA's *qui tam* provisions, which require a relator to provide "substantially all material evidence and information the person possesses" at the outset of the matter. 31 U.S.C. § 3730(b)(2). If Relator withheld material evidence from her initial submissions, that would counsel in favor of dismissal.[3] Alternatively, if Relator lacked personal knowledge related to her new claims and added them based on information gathered by the government during its investigation, then that approach would raise different, but equally serious, concerns. *See* Boese & Baruch, § 4.03 *Mandatory Procedures for Initiating Qui Tam Cases,* CIVIL FALSE CLAIMS AND QUI TAM ACTIONS (2021) (noting that, while the addition of substantially new allegations in an amended complaint is problematic because it "undermines the operation of the [FCA]," "[a]dded claims based on information uncovered by the *government* in its investigation of *qui tam* allegations are less justifiable because such a practice invites the filing of initial *qui tam* complaints that are deficient or 'fishing expeditions' to trigger obligatory government investigations") (emphasis in original). To that point, Relator's

---

[3] There is a split of authority, but the majority of courts to consider the issue have held that the FCA's sealing requirement applies to amended complaints "when the pleading raises substantially new allegations." *See United States ex rel. Halegoua v. Freed, Kleinberg, Nussbaum, Fiesta & Kronberg M.D.*, No. 14-CV-3943(JS)(SIL), 2016 U.S. Dist. LEXIS 103498, at *6-7 (E.D.N.Y. Aug. 5, 2016) (collecting relevant authorities); *see also U.S. ex rel. Davis v. Prince*, 766 F. Supp. 2d 679, 684 (E.D. Va. 2011). Dismissal is a possible, but not mandatory, remedy for a violation of the sealing requirements in § 3730(b)(2). *See State Farm Fire & Cas. Co. v. United States ex rel. Rigsby*, 137 S. Ct. 436, 444 (2016) ("In general, the question whether dismissal is appropriate should be left to the sound discretion of the district court.").

amended complaint includes twenty-two exhibits that were not included with the original complaint. Further, in violation of Local Rule 5.08, these exhibits—which are publicly accessible—contain financial account numbers of at least seventeen companies, including two parties that Relator has attempted to serve (HCHI and RC General), two parties Relator has apparently not attempted to serve (Associated Architects and M&L Electric), and thirteen non-parties.[4] (Amended Complaint Ex. A, RE 22-1, at 1.) As the former Controller and CFO of HCHI (Amended Complaint, RE 22, ¶ 7), Relator has more than sufficient experience to know the sensitivity of this information and the risk of theft resulting from publishing it. All of this conduct raises serious questions about Relator's personal responsibility.

Second, Relator's dilatory and defective service has prejudiced HCHI by adding to the extensive delays necessitated by the FCA's procedures. The initial complaint was filed more than three years ago, and because of the FCA's seal, HCHI did not receive precise notice of the allegations against it. In FCA cases, courts have found prejudice from delays in amending a complaint when the initial complaint, which was properly served and subject to motion practice, contained claims that were "insufficiently specific" such that the defendants were "in the dark as to the exact contours of the charges against them and . . . would have had a much harder time preparing their defense." *United States ex rel. Drake v. Norden Sys.*, 375 F.3d 248, 257 (2d Cir. 2004). Here, the prejudice is much worse—Relator failed to serve the initial complaint while amending to add over a hundred paragraphs of new allegations and twenty-two new exhibits. Moreover, the allegations involve payment requests from 2013 and 2014 (Amended Complaint, RE 22, ¶ 66) and the difficulty of locating third-party records and witnesses who remember events from eight years ago increases with each passing day. *See Adams v. Trs. of the N.J. Brewery*

---

[4] Upon identifying this information in reviewing the amended complaint and exhibits, counsel for HCHI contacted Relator's counsel by email, and Relator's counsel then filed a motion to seal the exhibits.

*Employees' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994) (prejudice includes the "irretrievable loss of evidence [and] the inevitable dimming of witnesses' memories" associated with delay).

Third, Relator's addition of new and substantially different allegations in an amended complaint raises serious questions about whether she is "deliberately proceeding in a dilatory fashion." *Chandler*, 669 F.2d at 920. As discussed above, it appears Relator either withheld material information from her initial complaint or used the government's investigation to fashion new and different theories. Both approaches are problematic and prejudicial. Finally, HCHI concedes the fourth factor—the existence of a sanction less drastic than dismissal—weighs in Relator's favor, as the Court could dismiss the complaint without prejudice for violations of Rule 4(m).

## CONCLUSION

Because service was untimely and ineffective, Highland-Clarksburg Hospital Inc. respectfully requests that the Court dismiss Relator's amended complaint against it and for all other relief that this Court deems just and proper. Dismissal without prejudice is appropriate under Rules 12(b)(5) and 4(m), and dismissal of Relator's claims against HCHI with prejudice is appropriate under Rule 41(b). Any dismissal should be without prejudice as to the United States.

Respectfully submitted,

*/s/Esha S. Simon*
Esha S. Simon (WVSB # 13461)
Dinsmore & Shohl LLP
215 Don Knotts Boulevard, Suite 310
Morgantown, West Virginia 26501
Tel: (304) 296-1100
Fax: (304) 296-6116
Email: Esha.simon@dinsmore.com

Patrick Hagan (*pro hac vice* pending)
Dinsmore & Shohl LLP
255 East 5th Street, Suite 1900
Cincinnati, Ohio 45202
Tel:    (513) 977-8200
Fax:   (513) 977-8141
Email: Patrick.hagan@dinsmore.com

Krysta Gumbiner (*pro hac vice* pending)
Dinsmore & Shohl LLP
222 W. Adams Street, Suite 3400
Chicago, Illinois 60606
Tel:    (312) 372-6060
Fax:   (312) 372-6085
Email: Krysta.gumbiner@dinsmore.com

*Attorneys for Defendant Highland-Clarksburg Hospital, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG

**UNITED STATES OF AMERICA ex rel.**
**NANCY GIAQUINTO, C.P.A.,**

      **Plaintiff,**                 **CIVIL ACTION NO.: 1-18-cv-220**
                                                   **JUDGE KLEEH**

**v.**

**HIGHLAND-CLARKSBURG HOSPITAL,**
**INC., RC GENERAL CONTRACTORS INC.,**
**M. & L ELECTRIC LLC,**
**ASSOCIATED ARCHITECTS, INC.,**
**MICHAEL CASDORPH, PAUL TENNANT,**
**AND CHARLES NARY,**

      **Defendants.**

## CERTIFICATE OF SERVICE

I, Esha S. Simon, hereby certify that on the 25th day of February, 2022, I electronically filed the foregoing ***Memorandum In Support of Highland-Clarksburg Hospital, Inc.'s Motion To Dismiss Pursuant To Rules 12(b)(5) and 41(b)*** with the Clerk of the Court using the CM/ECF system.

                                                                    */s/Esha S. Simon*
                                                                    Esha S. Simon (WVSB # 13461)