**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

UNITED STATES OF AMERICA ex rel.
NANCY GIAQUINTO, C.P.A.,

       Plaintiff,

                                       Case No.: 1:18-cv-220

vs.                                    Judge Thomas S. Kleeh

HIGHLAND-CLARKSBURG HOSPITAL,
INC., RC GENERAL CONTRACTORS, INC.,
M & L ELECTRIC LLC, ASSOCIATED
ARCHITECTS, INC., MICHAEL CASDORPH,
PAUL TENNANT, and CHARLES NARY,

       Defendants.

## MEMORANDUM IN SUPPORT OF DEFENDANT RC GENERAL CONTRACTORS, INC.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

       Defendant RC General Contractors, Inc. ("RC"), by counsel, respectfully moves this Honorable Court to dismiss Plaintiff's Amended Complaint in its entirety pursuant to Federal Rule of Civil Procedure Rules 12(b)(6) and 9(b) for failure to state a claim and plead with requisite particularity. Alternatively, RC moves to dismiss Plaintiff's Amended Complaint under 12(b)(5)[1] on the grounds of untimely service of process.

## I.     Introduction

       On December 10, 2018, Plaintiff Nancy Giaquinto, the relator, filed a sealed Complaint against RC, among other defendants, alleging violations of the False Claims Act, 31 U.S.C. § 3729-3733.

---

[1]     RC joins in Highland-Clarksburg Hospital, Inc. and Michael Casdorph's Federal Rule of Civil Procedure 41 argument for Plaintiff's failure to prosecute.

Plaintiff's initial Complaint alleged that defendant Highland-Clarksburg Hospital obtained a loan guarantee and a direct loan from the U.S. Department of Agriculture to fund renovation and construction.  ECF No. 1 at ¶ 33.  The Complaint further alleged that defendant Highland-Clarksburg Hospital and its leadership directed the loan money and guaranteed funding to parties with whom it had improper relationships, including defendant RC.  *Id*. at ¶¶ 6, 77, 78.

The Complaint was sealed while the government considered intervention under 31 U.S.C. § 3730(b).  The United States declined to intervene in the action, and, on November 2, 2021, this Court ordered "the complaint to be unsealed and served upon the defendants by the relator."  ECF No. 22 at ¶ 2; ECF No. 21.[2]  On January 31, 2022, Plaintiff filed her Amended Complaint, ECF No. 22, which added entirely new allegations of defendants requesting duplicate payments or payments for work not performed from funds derived from federal loans or federally-backed loans.  ECF No. 22 at ¶¶ 2, 106, 110, 147, 203.

## II.    Dismissal Under Rules 12(b)(6) and 9(b)

Plaintiff's Amended Complaint should be dismissed with prejudice under Rules 12(b)(6) and 9(b).  Specifically, the claims asserted in the Amended Complaint are barred by the statute of limitations, and the Amended Complaint fails to plead the essential elements of a FCA violation with particularity.

### A.    Applicable Law

Motions to dismiss for failure to state a claim upon which relief can be granted are governed by Federal Rule of Civil Procedure 12(b)(6).  In reviewing a motion to dismiss under Rule 12(b)(6), the Court must "take all well-pled facts to be true, drawing all reasonable inferences

---

[2]      The Court dated the Order November 2, 2021, but it was entered on ECF on November 3, 2021.  For purposes of this motion, that difference is immaterial.

in favor of the plaintiff, but '[the Court] need not accept the legal conclusions drawn from the facts, and [it] need not accept as true unwarranted inferences, unreasonable conclusions or arguments.'" *Krueger v. Angelos*, No. 21-1260, 2022 WL 453980, at *1 n.1 (4th Cir. Feb. 15, 2022) (citing *Carey v. Throwe*, 957 F.3d 468, 474 (4th Cir. 2020) and *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008)).

"Ordinarily, a defense based on the statute of limitations must be raised by the defendant through an affirmative defense[.]" *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). However, this defense is properly raised at the dismissal stage when "it clearly appears on the face of the complaint." *Richmond, Fredericksburg & Potomac R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993); *see also Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 181 (4th Cir. 1996); *Goodman*, 494 F.3d at 464.

Additionally, for FCA claims to survive dismissal, they must be meet the stringent particularity standard under Rule 9(b). *See United States ex rel. Grant v. United Airlines Inc*., 912 F.3d 190, 196 (4th Cir. 2018). It is not enough for a plaintiff to "merely . . . describe a private scheme in detail but then to allege simply and without any stated reason for his belief that claims requesting illegal payments must have been submitted, were likely submitted or should have been submitted to the Government." *Id*.

**B.     Plaintiff's claims are barred by the statute of limitations.**

Plaintiff filed her initial Complaint on December 10, 2018, alleging FCA violations that occurred in 2013-2014. ECF No. 1. The causes of action in the initial Complaint are based on alleged "prohibited conflicted transactions" and the "failure to disclose conflicts." *Id*. at ¶¶ 99, 114.

As set forth above, this case was sealed while the government considered intervention under 31 U.S.C. § 3730(b).  The government declined to intervene and on November 3, 2021, this Court unsealed Plaintiff's Complaint and directed her to serve the defendants.  ECF No. 21.  On January 31, 2022, prior to serving defendants, Plaintiff filed her Amended Complaint, ECF No. 22, which added new allegations of defendants requesting duplicate payments or payments for work not performed from federal loans or federally-backed loans.  ECF No. 22 at ¶¶ 2, 106, 110, 147, 203.

A civil action alleging violations of the FCA under 31 U.S.C. § 3729-33 may not be brought more than six years after the violation is committed, or "more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances . . . whichever occurs last."  31 U.S.C. § 3731(b).  Plaintiff's newly asserted claims against RC were filed after both of these deadlines.

First, the conduct attributed to RC in Plaintiff's Amended Complaint all occurred in between October 2013 and December 2013—more than six years prior to her January 31, 2022 filing.  ECF No. 22 at ¶¶ 113, 118, 122, 173.  Thus, the first deadline in 31 U.S.C. § 3731(b) has expired.

Second, for the purposes of this motion, RC will assume that the facts material to the right of Plaintiff's action based on the Highland-Clarksburg Hospital federal loan transactions became known to the government when she first filed her initial Complaint on December 10, 2018, and served upon the government "all material evidence and information" she possessed.  *See* 31 U.S.C. § 3730(b)(2); ECF No. 1 ¶ 22.  Plaintiff's new claims asserting FCA violations based on

duplicate and unwarranted payment requests were filed more than three years after that date. Therefore, the second deadline in 31 U.S.C. § 3731(b) has also expired.

Rule 15(c) of the Federal Rules of Civil Procedure permits an amendment to "relate back" to the original complaint for statute of limitations purposes if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]" Fed. R. Civ. P. 15(c)(1)(B). However, Plaintiff's amended claims do not satisfy the requirements of Rule 15 and thus do not relate back to the filing of her initial Complaint.

Relation back under Rule 15 "depends on the existence of a common core of operative facts uniting the original and newly asserted claims." *Mayle v. Felix*, 545 U.S. 644, 646 (2005). A new claim will not relate back if it and the original claims arise "from separate occurrences of 'both time and type.'" *United States v. Pittman*, 209 F.3d 314, 318 (4th Cir. 2000) (internal citations omitted).

Plaintiff's initial Complaint made general allegations of improper relationships between the hospital and the entities it employed to carry out the purposes of its loans. Plaintiff's Amended Complaint asserts claims *not* grounded in conflicts of interest, but in "obtain[ing] substantial sums of money that were not owed or earned." ECF No. 22 at ¶¶ 214, 223. Plaintiff's initial claims were based on the defendants' alleged conflicted relationships and were untethered to any specific time, but instead purport to cover the entirety of the period of the hospital's loan or construction. ECF No. 1 at ¶ 36. Plaintiff's amended claims are based on specific instances of alleged requests for duplicated payments or payments for work that was not performed. *See, e.g.*, ECF No. 22 at ¶¶ 110, 144, 147, 185, 203. The claims in the initial Complaint and the Amended Complaint do not cover the same occurrences of "time."

These claims also do not cover the same "type" of occurrences. The conflicts of interest claims revolve around the relationships of the defendants, and the improper payment request claims turn on requisition forms and bank statements—these claims are not united by a common "core of operative facts." The claims in Plaintiff's Amended Complaint do much more than simply "restate the original claim with greater particularly or amplify the details." *United States ex rel. Carter v. Halliburton Co.*, 315 F.R.D. 56, 63 (E.D. Va. 2016), *aff'd*, 866 F.3d 199 (4th Cir. 2017) (finding Rule 15(c) satisfied where the facts in the amended complaint were "*directly referenced or clearly alluded* to in the Original Complaint") (emphasis added).

The claims in Plaintiff's Amended Complaint depend on entirely new facts and evidence than those in her initial Complaint. Therefore, the new claims in Plaintiff's Amended Complaint do not relate back to her initial complaint. Plaintiff's claims are untimely and should be dismissed with prejudice inasmuch as they cannot be resurrected under the statute of limitations.

## C.    Plaintiff fails to plead FCA claims with particularity.

Plaintiff's Amended Complaint further fails to state a claim against RC because it does not plead all the essential elements of a FCA claim with the requisite particularity against RC.

The False Claims Act permits suits on behalf of the government against anyone who:

> (1) knowingly presents, or causes to be presented, [to the government] a false or fraudulent claim for payment or approval;
>
> (2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government; or
>
> (3) conspires to defraud the Government by getting a false or fraudulent claim allowed or paid.

31 U.S.C. §§ 3729(a)(1)(A), 3729(a)(1)(B), 3729(a)(1)(C); 31 U.S.C. § 3730(b).  Plaintiff's three causes of action mirror these three methods of violating the FCA.

> The essential elements of a FCA claim are:
>
> (1) that the defendant made a false statement or engaged in a fraudulent course of conduct; (2) such statement or conduct was made or carried out with the requisite scienter; (3) the statement or conduct was material; and (4) the statement or conduct caused the government to pay out money or to forfeit money due.

*U.S. ex rel. Harrison v. Westinghouse Savannah River Co.*, 352 F.3d 908, 913 (4th Cir. 2003).  As courts have explained, "a central question in False Claims Act cases is whether the defendant ever presented a 'false or fraudulent claim' *to the government*." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 785 (4th Cir. 1999) (emphasis added).  "The submission of a [false] claim is . . . the sine qua non of a False Claims Act violation." *United States ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1311 (11th Cir. 2002) (citation omitted).

Adding to the pleading requirements, it is settled precedent that FCA claims must satisfy Rule 9(b)'s heightened pleading standard.  *United States ex rel. Grant*, 912 F.3d at 196.  "The 'circumstances' required to be pled with particularity under Rule 9(b) are 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *Harrison*, 176 F.3d at 784 (citing 5 Wright & Miller, Federal Practice & Procedure: Civil § 1297, at 590 (2d ed. 1990)).

Plaintiff's Amended Complaint plainly fails to plead with particularity any false representations that were presented or caused to be presented to the government for payment, particularly with respect to RC.  The Amended Complaint asserts false statements with respect to a direct loan and guaranteed loan between Highland-Clarksburg Hospital, the federal government, and Huntington Bank.  ECF No. 22 ¶¶ 61, 63.  The exhibits to the Amended Complaint are payment

requisition forms, change orders, and Huntington Bank records—not documents submitted to the government.   There are no allegations specifying the time, place, and contents of the false representations, or the identity of the person or entity making the misrepresentation, or how false representations led to specific instances of government payments.

Plaintiff's allegations against RC can be broken down into three categories:   (1) Plaintiff alleges that on two occasions RC, the hospital's "main contractor" (*Id.* at ¶ 82), received payments for work done by subcontractors (*Id.* at ¶¶ 112, 147);   (2)  Plaintiff also alleges that RC submitted a requisition for payment for a subcontractor representing money that had already been requested (*Id.* at ¶ 185); and (3) RC charged the hospital too much for furniture assembly (*Id.* at ¶ 207).[3]   The transactions asserted to be "false" are transactions between the hospital, RC, and RC's subcontractors and prime contractors.

Plaintiff does not allege that RC made *any* statements to the government or caused any specific false statements to be made to the government.   Rather, the extent of Plaintiff's allegations against RC are that RC submitted payment applications *to the hospital* for payments that were unwarranted, and that unspecified "attestations" or "certifications" executed or submitted by RC referencing these funds were false.  *Id.* at ¶¶ 116, 132, 143, 148, 172, 208.

Even if Plaintiff had alleged RC made false certifications to the government, the falsity of attestations and certifications is not a basis for a FCA claim unless (1) a government program required compliance with certain conditions as a prerequisite to payment, (2) "the defendant failed to comply with those conditions; and [(3)] the defendant falsely certified that it

---

[3]      Plaintiff mistakenly concludes that requisitions for payment are the same as ACH payment confirmations, and thus assumes double payments were made.  Her exhibits, however, belie this assumption as the ACH payment sheets do not actually demonstrate that any duplicated payments were made from the Huntington bank loan.

had complied with the conditions in order to induce the government benefit." *U.S. ex rel. Godfrey v. KBR, Inc.*, 360 F. App'x 407, 411-12 (4th Cir. 2010) (citing *Harrison*, 176 F.3d at 786). Nowhere does Plaintiff allege that the government made payment contingent on compliance with conditions related to RC's requisitions for payment or payments to subcontractors and prime contractors.  It is not enough for Plaintiff to make "broad inferential claims" that the government would not have extended loans or permitted payments but-for RC's certifications.  *See U.S. ex rel. Jones v. Collegiate Funding Servs., Inc.*, 469 F. App'x 244, 259 (4th Cir. 2012) (dismissing FCA claim making "broad inferential claim that but-for the certifications, the loans would not have been disbursed").

Plaintiff completely fails to "connect the dots . . . between the alleged false claims and government payment," which she is required to do to state a FCA claim.  *United States ex rel. Grant*, 912 F.3d at 199.[4]

The FCA "attaches liability, not to the underlying fraudulent activity or to the government's wrongful payment, but to the 'claim for payment.'"  *Harrison*, 176 F.3d at 785 (quoting *United States v. Rivera*, 55 F.3d 703, 709 (1st Cir. 1995)).  Plaintiff fails to plead the "central question" of an FCA claim, which is whether RC ever presented or caused to be presented a "false or fraudulent claim" to the government.  *Id.*  The answer to this central question is essential to all three of Plaintiff's FCA causes of actions.  *See United States ex rel. Grant*, 912 F.3d at 200

---

[4]        Adding to the deficiencies of Plaintiff's claims, she does not differentiate between alleged misconduct that relates to direct loans or federally secured loans.  As the district court for the Eastern District of Virginia and other courts have reasoned, "no claim exists in regard to government-insured loans unless and until a default generates a request for the indemnification of a guarantee."  *U.S. ex rel. Jones v. Collegiate Funding Servs., Inc.*, No. 3:07CV290-HEH, 2010 WL 5572825, at *13 (E.D. Va. Sept. 21, 2010), report and recommendation adopted as modified, No. 3:07CV290-HEH, 2011 WL 129842 (E.D. Va. Jan. 12, 2011), *aff'd*, 469 F. App'x 244 (4th Cir. 2012) (citing two cases).  To the extent Plaintiff's claims relate to federally-secured loans, she has not alleged any default that would result in a request for payment.

(plaintiff must plead a false or fraudulent claim *to the government* in a cause of action under §
3729(a)(1)(A) and § 3729(a)(1)(B)).

The Amended Complaint fails to state a claim because Plaintiff failed to plead the
elements of a FCA claim with particularity as to RC.  Because dismissal for failure to state a claim
is a "judgment on the merits," the Amended Complaint should be dismissed with prejudice.  *See
Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981); *U.S. ex rel. Williams v.
Martin-Baker Aircraft Co*., 389 F.3d 1251, 1259, 1255 (D.C. Cir. 2004) (affirming dismissal of
FCA claim with prejudice where plaintiff violated both Rule 8 and Rule 9(b) and complaint was
"simultaneously excessively prolix and equally abstruse").

### III.    Dismissal Under Rule 12(b)(5)

If this Court denies RC's motion to dismiss under Rules 9(b) and 12(b)(6), then the
Amended Complaint still warrants dismissal because Plaintiff failed to serve RC within 90 days
of this Court's order unsealing the Complaint and directing Plaintiff to serve defendants.

Because Federal Rule of Civil Procedure 4(m) requires service within ninety (90)
days, service was due on or before February 1, 2022—90 days after Plaintiff was ordered to serve
defendants.  Plaintiff's U.S. Postal Service tracking documentation indicates that the Complaint
was sent by certified mail and delivered to RC on February 4, 2020, three days after expiration of
the 90-day deadline.  ECF No. 26-1, at 3.  Thus, given the absence of good cause for such delay,
the Court should dismiss Plaintiff's Complaint on the grounds of insufficient service of process.

### A.    Applicable Law

Federal Rule of Civil Procedure 4 sets forth the methods of acceptable service and
timing thereof. Fed. R. Civ. P. 4(m).  A motion to dismiss for insufficient service of process is
governed by Federal Rule of Civil Procedure 12(b)(5). *Wilson v. Kenny*, 941 F.2d 1208, at *3 (4th

Cir. 1991) (citing 5A Wright & Miller, Federal Practice & Procedure § 1353, at 276-278); *Ballard v. PNC Fin. Servs. Grp., Inc.*, 620 F. Supp. 2d 733, 735 (S.D. W. Va. 2009). The plaintiff bears the burden of establishing that service is proper. *Ballard*, 620 F. Supp. 2d at 735. Failure to do so "deprives the court of personal jurisdiction over the defendant." *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998).

Rule 4(m) requires that a plaintiff serve a defendant within ninety (90) days after the complaint is filed. Fed. R. Civ. P. 4(m). Moreover, a plaintiff's amended complaint does not restart the 90-day clock. *See Bolden v. City of Topeka, Kansas*, 441 F.3d 1129 (10th Cir. 2006) (finding that period for service of process is not restarted by filing of amended complaint except as to those defendants newly added in amended complaint); *Carmona v. Ross*, 376 F.3d 829 (8th Cir. 2004); *Bellotte v. Edwards*, Civil Action No.: 3:08-CV-94, 2009 WL 10674480 (N.D. W. Va. April 20, 2009).

"A plaintiff may escape dismissal for failure to timely serve process if she demonstrates 'good cause' for the delay[.]" *Collins v. Thorton*, 782 Fed. App'x 263, 266 (4th Cir. 2019); *see also Martinez v. United States*, 578 F. App'x 192, 193-94 (4th Cir. 2014) ("A plaintiff may escape dismissal for failure to timely serve process *only* if she demonstrates 'good cause' for the delay.") (emphasis added); *Chen v. Mayor & City Council of Baltimore*, 546 F. App'x 187, 188 (4th Cir. 2013) (affirming dismissal of untimely served complaint because district court judge did not have discretion to extend time absent showing of good cause); *Scott v. Maryland State Dep't of Labor*, 673 F. App'x 299 (4th Cir. 2016) ("Rule 4(m) requires extension of the . . . service period *only* when the plaintiff can show good cause for his failure to serve.") (emphasis added).

As explained by the Fourth Circuit, "good cause" in the context of Rule 4(m) "requires some showing of diligence on the part of the plaintiffs . . . [and] generally exists when

the failure of service is due to external factors[.]" *Gabbidon v. Wilson*, No. 1:19-cv-00828, 2020 WL 1312871, (S.D. W. Va. March 17, 2020) (citing *Attkisson v. Holder*, 925 F.3d 606, 627 (4th Cir. 2019) (internal citations omitted)).  Courts look to several factors when determining whether plaintiffs have shown good cause: "whether 1) the delay in service was outside the plaintiff's control, 2) the defendant was evasive, 3) the plaintiff acted diligently or made reasonable efforts, 4) the plaintiff is pro se or in forma pauperis, 5) the defendant will be prejudiced, or 6) the plaintiff asked for an extension of time under Rule 6(b)(1)(A)."  *Scott*, 673 F. App'x at 306 (internal citations omitted); *see also Greenbrier Hotel Corp. v. ACE Am. Ins. Co.*, No. 2:19-cv-00118, 2019 WL 2353372 (S.D. W. Va. June 3, 2019) (applying these factors to dismiss action for failure to timely serve the complaint).

**B.   Argument**

**1.   Plaintiff failed to timely serve RC.**

As explained above, Rule 4(m) dictates a 90-day deadline for service of a complaint. Fed. R. Civ. P. 4(m).  If a plaintiff misses this deadline, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).  In FCA actions, the 90-day clock starts running once the complaint is unsealed.  *See* 31 U.S.C. § 3730(b)(3); *United States ex rel. Maharaj v. Estate of Zimmerman*, 427 F. Supp. 3d 625, 651 (D. Md. 2019).  Here, the Order unsealing the action was entered on November 3, 2021.  As the filing of the Amended Complaint did not restart the clock, the 90-day clock expired on February 1, 2022.  RC did not receive Plaintiff's service until February 4, 2022—three days past the 90-day deadline.

**2.      An extension of time is not warranted as Plaintiff did not show good cause for the delay.**

Good cause does not exist to grant Plaintiff additional time to serve RC.  First, there is no indication that the delay was outside of Plaintiff's control.  Second, RC did not attempt to evade service.  Third, there is no evidence that Plaintiff attempted to serve RC at any other time or by any other method prior to placing the summons and amended complaint in the U.S. mail after the 90 days had expired.  Fourth, Plaintiff is represented by at least two law firms, which should have been able to timely and correctly serve RC.  Fifth, to date, Plaintiff has not requested that the Court extend time for service or otherwise excuse her delay under Federal Rule of Civil Procedure 6(b)(1).  Absent a particularized demonstration of good cause, Rule 4(m) requires dismissal. *See generally Greenbrier Hotel*, 2019 WL 2353372, at *3 ("The plaintiffs also have not even made an assertion that good cause exists. How can I then find good cause for their failure to timely serve the defendants?").

**3.      This Court should not exercise its discretion to extend the period for service.**

This Court has dismissed cases for non-compliance with Rule 4(m) when the failure to serve occurred after a court order directing service.  *See Field v. Morris*, No. 2:19-CV-36, 2021 WL 289356 (N.D. W. Va. Jan. 28, 2021) (Kleeh, J.) (holding that the failure to serve the complaint after a court order to do so warranted dismissal); *Arrick v. Fed. Bureau of Prisons*, Civil Action No. 1:17cv131, 2019 WL 8301052 (N.D. W. Va. Dec. 10, 2019) (recommending dismissal based on failure to serve after a court order to do so), report and recommendation adopted by *Arrick v. Fed. Bureau of Prisons*, No. 1:17-CV-131, 2020 WL 1472243 (N.D. W. Va. Mar. 26, 2020) (Kleeh, J.).  Like in *Morris* and *Arrick*, not only did Plaintiff fail to comply with Rule 4(m) service requirements, she has also failed to comply with this Court's order to serve defendants. Accordingly, this Court should exercise its discretion to dismiss the Amended Complaint.

## IV.    Conclusion

Plaintiff's Amended Complaint fails to state a claim against RC upon which relief can be granted and should be dismissed with prejudice.  Alternatively, because service of the Amended Complaint was untimely and Plaintiff has not shown good cause for such, Plaintiff's Amended Complaint should be dismissed without prejudice.

RC GENERAL CONTRACTORS, INC.

By Counsel

*/s/ Gabriele Wohl*
Gabriele Wohl (WVSB # 11132)
Marc Monteleone (WVSB # 4609)
BOWLES RICE LLP
600 Quarrier Street
Charleston, West Virginia 25301
(304) 347-1100
Fax: (304) 347-1756
gwohl@bowlesrice.com
mmonteleone@bowlesrice.com

13476018.1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

UNITED STATES OF AMERICA ex rel.
NANCY GIAQUINTO, C.P.A.,

      Plaintiff,

                                    Case No.: 1:18-cv-220

vs.                                   Judge Thomas S. Kleeh

HIGHLAND-CLARKSBURG HOSPITAL,
INC., RC GENERAL CONTRACTORS, INC.,
M & L ELECTRIC LLC, ASSOCIATED
ARCHITECTS, INC., MICHAEL CASDORPH,
PAUL TENNANT, and CHARLES NARY,

      Defendants.

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 25, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**Greg T. Kinskey**
**Stephanie K. Savino**
U.S. Attorney's Office - Wheeling
Post Office Box 591
Wheeling, West Virgaini 26003
Email: greg.kinskey@usdoj.gov
        Stephanie.K.Savino@usdoj.gov
*Counsel for United States of America*

**Darth M. Newman**
Law Offices of Darth M. Newman LLC
1140 Thorn Run Rd., #601
Coraopolis, Pennsylvania 15108
Email: darth@dnewmanlaw.com
*Counsel for Nancy Giaquinto*

**Joshua D. Miller**
**Teresa C. Toriseva**
Toriseva Law
1446 National Road
Wheeling, West Virginia 26003
Email: jdm@torisevalaw.com
Email: justice@torisevalaw.com
*Counsel for Nancy Giaquinto*

*/s/ Gabriele Wohl*
Gabriele Wohl (WVSB # 11132)
BOWLES RICE LLP
600 Quarrier Street
Charleston, West Virginia 25301
(304) 347-1100
Fax: (304) 347-1756
gwohl@bowlesrice.com

13476018.1