IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA ex rel.
NANCY GIAQUINTO, C.P.A.,**

       **Plaintiffs,**

v.

                                                  **No. 1:18-cv-220
                                                  The Honorable Thomas S. Kleeh**

**HIGHLAND-CLARKSBURG HOSPITAL,
INC.; RC GENERAL CONTRACTORS INC.;
M&L ELECTRIC LLC; ASSOCIATED
ARCHITECTS, INC.; MICHAEL
CASDORPH; PAUL TENNANT; and
CHARLES NARY**

       **Defendants.**

### MEMORANDUM IN SUPPORT OF DEFENDANT CHARLES NARY AND M&L ELECTRIC, LLC'S MOTION TO DISMISS

Come now, Charles Nary and M&L Electric, LLC (the "M&L Defendants") and file their Motion to Dismiss (the "Instant Motion") all claims against them by Plaintiff, Nancy Giaquinto ("Plaintiff"). The instant Motion relies on the same grounds as the motions to dismiss filed by Michael Casdorph ("Mr. Casdorph") at ECF No. 33 (the "Casdorph Motion") and by Highland-Clarksburg Hospital, Inc. ("Highland Hospital") at ECF No. 35 (the "Highland Hospital Motion"), which are incorporated herein by reference. Because the grounds relied upon by Mr. Casdorph and Highland Hospital apply with equal or greater force to the M&L Defendants, if the Court dismisses the claims against Mr. Casdorph and Highland Hospital, then the Court should grant the same relief to the M&L Defendants.

One of the grounds correctly relied upon by Mr. Casdorph and Highland Hospital is that service was not proper. Fourth Circuit and West Virginia precedent are clear that without proper service, the Court is without jurisdiction over the person. *See, e.g., Koehler v. Dodwell*, 152 F.3d

1

304 (4th Cir. 1998); *Minix v. Experian Info Sols., Inc.*, No. 1:19-cv-108, 2020 WL 1500029, 2020 U.S. Dist. LEXIS 56079 (N.D. W. Va. Feb. 11, 2020); *Perkins v. Princeton Cmty. Hosp.*, No. 1:16-06736, 2017 U.S. Dist. LEXIS 118938 (S.D. W. Va. Jan. 26, 2017). Accordingly, the Casdorph Motion, the Highland Hospital Motion, and this Motion present an urgent constitutional ground to dismiss Plaintiff's Complaint.

The M&L Defendants do not seek to occupy the Court's time by rehashing in detail the accurately stated grounds in the Casdorph and Highland Hospital Motions to Dismiss. The Casdorph and Highland Hospital Motions are well-written, well-reasoned, and they reach the right result. In the instant Motion, the M&L Defendants seek merely to do two things: (1) briefly explain why the grounds relied upon in the Casdorph and Highland Hospital Motions apply to the M&L Defendants; and (2) add that the improper service issue is of a constitutional magnitude. For all the grounds stated in the Instant Motion, the Casdorph Motion, and the Highland Hospital Motion, the M&L Defendants respectfully request that the Court enter an order dismissing Plaintiff's claims against them with prejudice.

## I. The Grounds Raised by Mr. Casdorph and Highland Hospital Apply Equally to the M&L Defendants.

The M&L Defendants are entitled to at least the same relief as Mr. Casdorph and Highland Hospital because the grounds upon which they rely apply equally to the M&L Defendants. First, Mr. Casdorph and Highland Hospital correctly note that Plaintiff missed her ninety-day deadline under Rule of Civil Procedure 4(m) to serve the defendants. The Court entered an Order on November 3, 2021, directing the Complaint to be unsealed and for Plaintiff to serve the defendants. (ECF No. 21). Plaintiff's ninety-days to effectuate service began on that same November 3, 2021, date. *See United States ex rel. Cody v. Computer Scis. Corp.*, 246 F.R.D. 22 (D.D.C. 2007) (running Federal Claims Act plaintiff's 90 days to serve complaint and summons from date of

court order for complaint to be unsealed, even though clerk's office did not unseal complaint until five months later). Her ninety days expired on February 1, 2022. Inexplicably, Plaintiff blew past her February 1, 2022, deadline to serve the M&L Defendants and missed it by *a full month*. As shown in the attached Summonses, the M&L Defendants were not served until February 28, 2022 (the Summons for Charles Nary is attached as **Exhibit A**, and the Summons for M&L Electric, LLC, is attached as **Exhibit B**). As with Mr. Casdorph and Highland Hospital, Plaintiff did not seek permission to serve the M&L Defendants late. The reasons outlined in the Casdorph and Highland Hospital Motions to dismiss for late service apply to the M&L Defendants.

Second, service on the M&L Defendants was defective. It is well-established that a federal plaintiff in West Virginia may serve a defendant by certified mail *only if* the complaint and summons are mailed *by the Clerk and no one else*. *White v. Wells Fargo Bank*, Civil Action No. 1:13-cv-24248, 2014 U.S. Dist. LEXIS 108920, at *25 (S.D. W. Va. Aug. 7, 2014) (discussing the interplay between Federal and West Virginia Rules of Civil Procedure relating to service by certified mail). Plaintiff attempted to serve the M&L Defendants by certified mail, *but it was not by the Clerk*. In addition, the mailing was required to be "restricted delivery." Here, it was not. *See* Exs. A & B. For the same reasons outlined in the Casdorph and Highland Hospital Motions, Plaintiff failed to properly service the M&L Defendants.

Third, the same grounds raised by Mr. Casdorph and Highland Hospital under Rule of Civil Procedure 41(b) apply to the M&L Defendants. Plaintiff exhibited the same delay and disregard for the False Claims Act, the Rules of Civil Procedure, and the Court's Orders as to the M&L Defendants, Highland Hospital, and Mr. Casdorph alike. What is more, Mr. Casdorph and Highland Hospital noted that they both have been irreversibly prejudiced by Plaintiff's delay because the Complaint allegations against them date back to 2013 and "the difficulty of locating

third-party records and witnesses who remember events from eight years ago increases with each passing day." Memo. in Support of Def. Casdorph's Mot. to Dismiss (ECF 34 at 11); Highland Hosp. Mot. to Dismiss (ECF 35 at 17). Similarly, the Complaint allegations against the M&L Defendants largely center on 2013. *See* Compl. ¶¶ 149–202. Accordingly, the M&L Defendants face the same prejudice relating to locating third-party records and witness memories that may have faded because of Plaintiff's unexplained and improper delay. Due to the continued passing of time, this prejudice cannot be cured by any means short of dismissal with prejudice. Therefore, the same reasons militating in favor of dismissing Plaintiff's Amended Complaint—with prejudice—under Rule of Civil Procedure 41(b) apply to the M&L Defendants.

## II. The Court Lacks Jurisdiction Because of Plaintiff's Failure to Properly Serve.

The law in the Fourth Circuit (and elsewhere) could not be clearer: "Absent waiver or consent, a failure to obtain proper service on the defendant ***deprives the court of personal jurisdiction over the defendant***." *Koehler*, 152 F.3d at 306 (emphasis added); *Minix*, No. 1:19-cv-108, 2020 WL 1500029, 2020 U.S. Dist. LEXIS 56079 (quoting *Koehler*); *Perkins*, No. 1:16-06736, 2017 U.S. Dist. LEXIS 118938, at *13-14 (same). *See also Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444 (1946) (providing that "service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served."); *Ok Hee Park v. Carson Mineral Hot Springs LLC*, No. C09-5433, 2010 WL 11685124, 2010 U.S. Dist. LEXIS 155001, at * 7 (Aug. 16, 2010) ("Proper service of a summons is a prerequisite to the court's exercise of personal jurisdiction over a defendant. Failure of a plaintiff to properly serve a defendant deprives the court of personal jurisdiction over that defendant.") (citing *Omni Capital Int'l. Ltd.*, *v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)).

Here, Plaintiff failed to obtain proper service on the M&L Defendants (much the same as she failed to properly serve Mr. Casdorph and Highland Hospital). She attempted to serve the M&L Defendants by certified mail, but it was *not* through the Clerk's Office, and restricted delivery was not marked on the return receipt. A West Virginia federal court considered remarkably similar facts in *White*, Civil Action No. 1:13-cv-24248, 2014 U.S. Dist. LEXIS 108920. There, the *White* plaintiff attempted to serve a defendant by directly sending the complaint and summons by certified mail to the defendant's residence, without selecting "restricted delivery." *Id*. at *23–24. There was no dispute that the mailing was received and signed for by an adult member of the defendant's family. *Id.* at *24. Moreover, the USPS track and confirm data independently showed receipt of the summons and complaint. *Id.* Nevertheless, service was *still* defective:

> The Federal Rules of Civil Procedure do not authorize service of an original complaint and summons by mail. They do, however, permit a plaintiff to effect service in accordance with state law, and West Virginia authorizes service by mailing the summons and complaint. Importantly, Rule 4(d)(1) of the West Virginia Rules of Civil Procedure provides that service may be effectuated by, among other things, <u>the clerk sending</u> a copy of the summons and complaint <u>to the individual to be served</u> by certified mail, return receipt requested, and <u>delivery restricted to the addressee</u>.

*Id*. at *25 (cleaned up) (emphasis in original). The result was fatal for the *White* Plaintiff's claim against the defendant to proceed; "Because Defendant Punchak was never properly served with a summons and complaint, the Court lacked personal jurisdiction over him[.]" *Id*. at *28.

The law on this topic is simple: no proper service, no jurisdiction. Plaintiff failed to effectuate proper service. Therefore, the Court is without jurisdiction over the M&L Defendants in this case. Given the constitutional magnitude of the service issue, as outlined in the Casdorph and Highland Hospital Motions and in this Motion, neither the Court nor the litigants can ignore

it.  The Court should dismiss the claims against the M&L Defendants for lack of jurisdiction because Plaintiff failed to properly effectuate service.

### III.     Conclusion

All of the grounds stated in the Casdorph and Highland Hospital Motions for dismissing Plaintiff's claims—with prejudice—are completely correct.  For the reasons stated in the Instant Motion, the Court should apply the same relief to the M&L Defendants.  Accordingly, the M&L Defendants respectfully request that the Court dismiss Plaintiff's Amended Complaint with prejudice.

Respectfully submitted,

           **CHARLES NARY, and**
           **M&L ELECTRIC, LLC.,**

           **By counsel,**

           /s/Robert S. Pruett
           R. Booth Goodwin II (WVSB #7165)
           Benjamin B. Ware (WVSB # 10008)
           Robert S. Pruett (WVSB # 12683))
           GOODWIN & GOODWIN, LLP
           300 Summers Street, Suite 1500
           Charleston, WV  25301
           P: (304) 346-7000
           F: (304) 346-9692
           rbg@goodwingoodwin.com
           cgf@goodwingoodwin.com
           bbw@goodwingoodwin.com
           rsp@goodwingoodwin.com

## **CERTIFICATE OF SERVICE**

The undersigned counsel does hereby certify that on March 21, 2022, a true copy of the foregoing document was served upon all parties of record electronically via ECF Notice.

                                                **/s/**Robert S. Pruett
                                                Robert S. Pruett (WVSB # 12683)