IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG

**UNITED STATES OF AMERICA ex rel.**
**NANCY GIAQUINTO, C.P.A.,**

      **Plaintiff,**                         **CIVIL ACTION NO.: 1-18-cv-220**
                                                   **JUDGE KLEEH**

v.

**HIGHLAND-CLARKSBURG HOSPITAL,**
**INC., RC GENERAL CONTRACTORS INC.,**
**M. & L ELECTRIC LLC,**
**ASSOCIATED ARCHITECTS, INC.,**
**MICHAEL CASDORPH, PAUL TENNANT,**
**AND CHARLES NARY,**

      **Defendants.**

**JOINT MOTION FOR STAY IN FURTHERANCE OF SETTLEMENT**

       The parties, by their undersigned counsel, hereby respectfully request entry of an Order staying the deadlines in the Scheduling Order (doc. 91) and associated discovery deadlines for the parties for sixty days to allow the parties to discuss, and possibly execute, a settlement of this matter. The parties believe that a brief stay will enable the conservation of judicial and litigant resources and is the best approach to achieve "the just, speedy, and inexpensive determination" of this action. *See* Fed. R. Civ. P. 1.

       A.     **Factual Background**

       Counsel for Relator and Defendants have conferred and agreed that an early attempt to resolve this matter before incurring significant litigation costs would be beneficial. The parties have further agreed to discuss and agree upon the best approach to negotiating a potential global resolution of this multi-party matter with a goal of engaging in a settlement meeting, either with or without a mediator, in mid-January. The parties have also contacted counsel for the United

States, the real party in interest in this *qui tam* lawsuit brought under the False Claims Act, and the United States is considering its position regarding participation in settlement discussions. The parties' desire to pursue settlement discussions is not a concession by either Relator or Defendants that the claims or defenses lack merit; rather, as courts recognize, the pursuit of settlement is frequently "motivated by a desire for peace rather than from any concession of weakness of position." *See Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 983 (6th Cir. 2003) (quoting Adv. Comm. Notes to Fed. R. Evid. 408).

Counsel for Highland-Clarksburg Hospital, Inc. ("HCHI") further represents that HCHI is a non-profit hospital with limited financial resources. HCHI has informed counsel for the United States that it wishes to explore an "Ability to Pay Settlement" ("APS"), which is a formal process offered by the Department of Justice that may be applicable here. *See* 28 C.F.R. § 0.160 (providing authority to accept offers in compromise reflecting a defendant's ability to pay). Counsel for the United States is exploring the applicability of the APS procedures to this matter. If applicable, HCHI would submit detailed financial information to be reviewed by DOJ personnel. That information would also be relevant to a negotiated settlement. Providing a brief stay would enable the provision and review of this information in furtherance of settlement.

Absent a stay, the parties, including HCHI, would need to continue conducting discovery and would incur significant additional costs that could negatively affect the ability to resolve this matter. Specifically, given the current discovery cut-off in early April 2023, the parties would need to propound and respond to written discovery, take fact depositions, and retain and pay expert witnesses. The parties believe that a brief stay would enable them to devote their time and resources to pursuing settlement and would have a significant positive effect on their ability to resolve this matter.

### B. Authority

As noted by the Supreme Court, a district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its own docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). Courts routinely use this power to stay discovery to enable parties to explore settlement. *See, e.g.*, *Amerisure Mut. Ins. Co. v. Metal Masters Inc.*, No. 22-1200, 2022 U.S. App. LEXIS 27265, at *1 (4th Cir. Sep. 28, 2022) (staying appeal pending settlement discussions); *Fluharty v. City of Clarksburg*, No. 1:14CV27, 2015 U.S. Dist. LEXIS 62954, at *2 (N.D.W. Va. May 14, 2015) (referencing prior stay to enable the parties to discuss settlement); *PNC Bank, Nat'l Ass'n v. Pharis*, No. 2:18-cv-626-FtM-99CM, 2018 U.S. Dist. LEXIS 189598, at *1-2 (M.D. Fla. Nov. 6, 2018) (finding sixty day stay to facilitate settlement discussions to be sufficiently limited in scope and supported by good cause because it could "reduce the burden and cost of litigation on the parties by facilitating settlement of the case or narrowing the issues"). Indeed, this Court has previously stayed litigation brought under the False Claims Act to enable the parties to discuss settlement. *See U.S. ex rel. Longo v. Wheeling Hospital, Inc., et al.*, Case No. 5:19-cv-00192-JPB (N.D.W. Va.), doc. 198 (granting sixty day stay tolling all deadlines in Scheduling Order) (attached as Exhibit A). This approach is consistent with the public interest, as public policy strongly favors the settlement of disputes. *See* Adv. Comm. Notes to Fed. R. Evid. 408 (explaining Rule 408 furthers "the public policy favoring the compromise and settlement of disputes"); *Crandell v. United States*, 703 F.2d 74, 75 (4th Cir. 1983) ("Public policy, of course, favors private settlement of disputes.").

### C. <u>Conclusion</u>

For the foregoing reasons, the parties respectfully request that the Court enter the attached Proposed Order to provide the parties with a sixty day stay to facilitate settlement discussions.

**Prepared by:**

/s/David R. Stone
David R. Stone (W. Va. Bar No. 12824)
Dinsmore & Shohl LLP
215 Don Knotts Boulevard, Suite 310
Morgantown, West Virginia 26501
Tel:   (304) 296-1100
Fax:   (304) 296-6116
Email: david.stone@dinsmore.com

Patrick Hagan (*pro hac vice*)
Dinsmore & Shohl LLP
255 East 5th Street, Suite 1900
Cincinnati, Ohio 45202
Tel:   (513) 977-8200
Fax:   (513) 977-8141
Email: Patrick.hagan@dinsmore.com

Krysta Gumbiner (*pro hac vice*)
Dinsmore & Shohl LLP
222 W. Adams Street, Suite 3400
Chicago, Illinois 60606
Tel:   (312) 372-6060
Fax:   (312) 372-6085
Email: Krysta.gumbiner@dinsmore.com

*Attorneys for Defendant Highland-Clarksburg Hospital, Inc.*

**Agreed to by:**


/s/Darth M. Newman
Darth M. Newman (*pro hac vice*)
Law Offices of Darth M. Newman LLC
1140 Thorn Run Rd., #601
Coraopolis, PA 15108
(412) 436-3443
darth@dnewmanlaw.com
*Counsel for Plaintiff Relator*


/s/Sandra K. Law
Sandra K. Law, Esq. (WV Bar 6071)
Law Offices of Darth M. Newman LLC
Schrader Companion Duff & Law, PLLC
401 Main Street
Wheeling, WV 26003
(304) 233-3390
Fax: (304) 233-2769
skl@schraderlaw.com
*Counsel for Plaintiff Relator*


*/s/Gabriele Wohl*
Gabriele Wohl (WVSB #11132)
Marc Monteleone (WVSB #4609)
BOWLES RICE LLP
600 Quarrier Street
Charleston, WV 25301
(304) 347-1100
Fax: (304) 343-2867
gwohl@bowlesrice.com
mmonteleone@bowlesrice.com
*Counsel for RC General Contractors, Inc.*

  /s/Benjamin B. Ware
Benjamin B. Ware (WVSB #10008)
R. Booth Goodwin, II (WVSB #7165)
Robert Stephen Pruett (WVSB #12683)
Goodwin & Goodwin, LLP
300 Summers Street, Ste. 1500
Charleston, WV 25328-2107
304-346-7000
Fax: 304-344-9692
bbw@goodwingoodwin.com
rsp@goodwingoodwin.com
rbg@goodwingoodwin.com
*Counsel for M&L Electric LLC and Charles Nary*

  /s/Michael B. Hissam
Michael B. Hissam (WVSB # 11526)
Isaac R. Forman (WVSB # 11668)
Emily L. Ford (WVSB # 13885)
HISSAM FORMAN DONOVAN RITCHIE PLLC
PO Box 3983
Charleston, WV 25339
681/265-3802
Fax: 304/982-8056
mhissam@hfdrlaw.com
iforman@hfdrlaw.com
eford@hfdrlaw.com
*Counsel for Michael Casdorph*